UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-1164

FIKRE GETACHEW,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A79-497-592)

Submitted: July 27, 2005          Decided: August 12, 2005

Before WILKINSON, SHEDD, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Thomas Hailu, Arlington, Virginia, for Petitioner. Kenneth L. Wainstein, United States Attorney, Madelyn E. Johnson, Heather R. Phillips, Assistant United States Attorneys, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Fikre Getachew, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals (Board) affirming, without opinion, the immigration judge's denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture. Because the Board affirmed under its streamlined process, see 8 C.F.R. § 1003.1(e)(4) (2005), the immigration judge's decision is the final agency determination. Camara v. Ashcroft, 378 F.3d 361, 366 (4th Cir. 2004).

Getachew challenges the immigration judge's finding that she failed to meet her burden of proof to qualify for asylum. We will reverse this decision only if the evidence "was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (quotation marks and citations omitted). We have reviewed the administrative record and the immigration judge's decision and find that substantial evidence supports the conclusion that Getachew failed to establish past persecution or the well-founded fear of future persecution necessary to establish eligibility for asylum. See 8 C.F.R. § 1208.13(a) (2005) (stating that the burden of proof is on the alien to establish eligibility for asylum); INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992) (same).

- 2 -

We decline to address Getachew's challenge to the immigration judge's credibility determination, as she failed to raise the claim before the Board to satisfy the exhaustion requirement of 8 U.S.C. § 1252(d)(1) (2000). See Asika v. Ashcroft, 362 F.3d 264, 267 n.3 (4th Cir. 2004), cert. denied, 125 S. Ct. 861 (2005). Getachew does not challenge the ruling of the immigration judge, as affirmed by the Board, on her applications for withholding of removal or protection under the Convention Against Torture. Therefore, these claims are abandoned. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED